## Soisson *v.* Connellsville School District, Appellant.

*Eminent domain—Condemnation—School purposes — Evidence —Market value—Competency of witness—Evidence of purchase-price—Remoteness—Value if subdivided—Charge.*

1. On the trial of an appeal from an award of viewers in pro-

ceedings for the condemnation of land for school purposes the testimony of a properly qualified witness that at the date of the taking the market value of the property in question was a certain sum, should not have been stricken out merely because he stated elsewhere in his testimony, when asked what would have been offered for the lot, that he could hardly answer that question but that if he had wanted it himself for a residence he would have been willing to pay the amount he had named, although he knew of no one who had offered that sum.

2. A witness who had lived in the borough in which the land was situated for fifteen years and who owned a store property forty feet from the condemned land for six years prior to the condemnation thereof, and who thereafter bought a property on the street on which the condemned land was located, and before the condemnation had made inquiries of two property owners in the immediate vicinity as to the value of their properties, with a view of purchasing a property for himself, was qualified to testify as to the value of the condemned land.

3. The court properly refused to permit the defendant to show the price plaintiffs had paid for the land in question more than four years before the condemnation thereof.

4. In such case the trial judge did not err in affirming plaintiffs' point "that if the jury believe that the land is available for subdivision and that the market value thereof would be increased by subdividing it into smaller building lots, then they have the right to consider such availability as an element of value in making up their verdict."

Argued June 4, 1918. Appeal, No. 66, Jan. T., 1918, by defendant, from judgment of C. P. Fayette Co., June T., 1916, No. 583, on verdict for plaintiffs in case of Guela F. Soisson and William H. Soisson, her husband, v. School District of the City of Connellsville. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Appeal from award of viewers. Before REPPERT, J.

From the record it appeared that the school district of the City of Connellsville on May 9, 1916, appropriated four adjoining lots in the said city for the purpose of erecting thereon a high school building. Plaintiffs, Guela F. Soisson and William H. Soisson, the owners of

one of the lots in question, appealed from the award of viewers which was in their favor.  Thereafter an issue was framed in the Common Pleas, and on the trial of the appeal a verdict was rendered in favor of the plaintiffs.

At the trial a duly qualified expert, after testifying that in his opinion the market value of the property in question was $10,000, subsequently stated on cross-examination when asked what would have been offered for the lot if it had been made known that it was for sale in the early part of May, 1916, answered, "that is a pretty hard question to answer.  You might get people there, just as I said before, that would bid it up above that and some that would bid it up about that but if I wanted the property to build a residence I would give ten thousand dollars for it," and thereafter stated that he did not want to buy it for a residence himself as he had one.  Plaintiffs moved to strike out the testimony of said witness because of his answers on cross-examination.  The trial judge overruled the motion.  (1)

A witness called for the plaintiffs testified that he had lived in Connellsville fifteen years and owned a store property forty feet from the condemned land prior to the condemnation thereof, and thereafter bought a property on the street on which the condemned land was located, and before the condemnation had made inquiries of two property owners in the immediate vicinity as to the value of their properties with a view of purchasing a property for himself.  The trial judge overruled defendant's objection to the competency of such witness to express an opinion concerning the value of the condemned property.  (2)

The trial judge refused to permit defendant to show the price defendant had bid for the land in question in March, 1912.  (3)

The court affirmed plaintiffs' point for charge, which was as follows: "If the jury believe that the land was available for subdivision and that the market value thereof would be increased by subdividing it into smaller

building lots, then they have the right to consider such availability as an element of value in making up their verdict."   (8)

Verdict for plaintiffs for $6,784.11 and judgment thereon.   Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence (1, 2 and 3), and the charge of the court (8).

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellant.

*James R. Cray,* of *McDonald and Cray,* for appellee.

PER CURIAM, July 17, 1918:

The issue in the court below was for the ascertainment of damages to which the plaintiffs were entitled for land taken for school purposes.   The assignments of error do not call for discussion.   It is sufficient to say of them that they disclose no reversible error, and the judgment is accordingly affirmed.